**FILED**
**JANUARY 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **TOMMY JACKSON** | ) | Case No. |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | |
| **P.O. MACK #1980 and P.O. JOHN DOE, individually,** | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**08 C 556**

**JUDGE MANNING**
**MAGISTRATE JUDGE NOLAN**

### COMPLAINT

NOW COMES the Plaintiff, TOMMY JACKSON, by and through his attorneys, GREGORY E. KULIS AND ASSOCIATES, and complaining against the Defendants, P.O. MACK #1980 and P.O. JOHN DOE, individually, as follows.

### COUNT I-FALSE ARREST

1) This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

3) The Plaintiff, TOMMY JACKSON, at all relevant times was a United States citizen and permanent resident of the State of Illinois.

4) The Defendants, P.O. MACK #1980 and P.O. JOHN DOE, were at all relevant times duly appointed police officers of the Chicago Police Department and at all relevant times were acting within their scope of employment and under color of law.

5) On or about November 2, 2006, the Plaintiff was driving in the vicinity of Augusta and Kedvale.

6) The Plaintiff was not committing a crime or breaking any laws.

7) The Defendants in an unmarked car stopped the Plaintiff.

8) The Defendant P.O. MACK #1980 asked if the Plaintiff or his friends had anything illegal on them.

9) The Plaintiff had nothing.

10) The Defendant P.O. MACK #1980 then told the Plaintiff he wanted him to get the police two guns or they would put drugs on him.

11) The Plaintiff said he had no guns and couldn't get any.

12) The Defendants arrested the Plaintiff and charged him with possession.

13) The Plaintiff did not commit any crime.

14) The Defendants did not have probable cause to stop and search the Plaintiff.

15) The Defendants did not have probable cause to arrest the Plaintiff.

16) The Defendants did not have probable cause to charge the Plaintiff.

17) Said action of Defendants P.O. MACK #1980 and P.O. JOHN DOE, were intentional, willful, and wanton.

18) Said actions of the Defendants P.O. MACK #1980 and P.O. JOHN DOE, violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

19) As a direct and proximate consequence of said conduct of Defendants, P.O. MACK #1980 and P.O. JOHN DOE, the Plaintiff, TOMMY JACKSON, suffered violations of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain and suffering.

WHEREFORE, the Plaintiff, TOMMY JACKSON, prays for judgment against the Defendants, P.O. MACK #1980 and P.O. JOHN DOE, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorney's fees and costs.

## COUNT II- EXCESSIVE FORCE

1-16)   The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-10 as his respective allegations of paragraphs 1-16 of Count II as though fully set forth herein.

17)   At the station the Plaintiff, TOMMY JACKSON, was struck in the eye.

18)   Said use of force was unprovoked.

19)   Said use of force was excessive and unreasonable.

20)   As a result of the force used by the Defendants, the Plaintiff TOMMY JACKSON was injured.

21)   The officers stood by and allowed this to occur.

22)   Said actions of Defendants P.O. MACK #1980 and P.O. JOHN DOE were intentional, willful and wanton.

23)   Said actions of the Defendants, P.O. MACK #1980 and P.O. JOHN DOE, violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

24)   As a direct and proximate consequence of said conduct of Defendants P.O. MACK #1980 and P.O. JOHN DOE, the Plaintiff, TOMMY JACKSON, suffered violations of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain and suffering.

WHEREFORE, the Plaintiff, TOMMY JACKSON, prays for judgment against the Defendants, P.O. MACK #1980 and P.O. JOHN DOE, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorney's fees and costs.

## MALICIOUS PROSECUTION

1-14) The Plaintiff hereby alleges and incorporates his allegations to paragraphs 3-16 of Count II as his respective allegations of paragraphs 1-14 of Count III as though fully set forth herein.

15) The Defendants proceeded with the criminal charges against the Plaintiff knowing they were false.

16) The charges were ultimately resolved in favor of the Plaintiff in October 2007.

17) As a result of the actions of the Defendants the Plaintiff suffered monetary loss and expenses, pain, suffering, fear and anxiety.

WHEREFORE, the Plaintiff, TOMMY JACKSON, prays for judgment against the Defendants, P.O. MACK #1980 and P.O. JOHN DOE, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorney's fees and costs.

## JURY DEMAND

The Plaintiff, TOMMY JACKSON, requests a trial by jury.

Respectfully submitted,

/s/ Gregory E. Kulis
GREGORY E. KULIS AND ASSOCIATES

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830