UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY JACKSON           ) | |
| ) | Case No. 08 C 556 |
| Plaintiff,           ) | |
| ) | |
| v.           ) | Judge Manning |
| ) | |
| P.O. MACK #1980, P.O. ONTIVEROS #10990, ) | |
| #10990, P.O. DAILEY #10890, P.O. O'TOOLE ) | Magistrate Judge Nolan |
| #15346, P.O. BONNSTETTER #15963, P.O. ) | |
| FICO #6284, P.O. NAPOLI #9560, individually, ) | |
| and the CITY OF CHICAGO,           ) | Jury Demand |
| ) | |
| ) | |
| Defendants.           ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, TOMMY JACKSON, by and through his attorneys, GREGORY E. KULIS AND ASSOCIATES, and complaining against the Defendants, Police Officers MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, individually, and the CITY OF CHICAGO, as follows.

## COUNT I-FALSE ARREST

1)  This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under color of law.

2)  Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

3)  The Plaintiff, TOMMY JACKSON, at all relevant times was a United States citizen and permanent resident of the State of Illinois.

4)  The Defendants, Police Officers MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, were at all relevant times duly appointed police officers of the

Chicago Police Department and at all relevant times were acting within their scope of employment and under color of law.

5) The Defendant, CITY OF CHICAGO, is an Illinois municipal corporation that operates the Chicago Police Department and is the employer of Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI.

6) On or about November 2, 2006, the Plaintiff was driving in the vicinity of Augusta and Kedvale.

7) The Plaintiff was not committing a crime or breaking any laws.

8) At least two of the Defendants in an unmarked car stopped the Plaintiff.

9) The Defendants asked if the Plaintiff or his friends had anything illegal on them.

10) The Plaintiff had nothing.

11) The Defendants then told the Plaintiff they wanted him to get the police two guns or they would put drugs on him.

12) The Plaintiff said he had no guns and couldn't get any.

13) The Defendants arrested the Plaintiff and charged him with possession.

14) The Plaintiff did not commit any crime.

15) The Defendants did not have probable cause to stop and search the Plaintiff.

16) The Defendants did not have probable cause to arrest the Plaintiff.

17) The Defendants did not have probable cause to charge the Plaintiff.

18) Said action of Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, were intentional, willful, and wanton.

19) Said actions of the Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

20) As a direct and proximate consequence of said conduct of Defendants MACK,

ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, the Plaintiff, TOMMY JACKSON, suffered violations of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain and suffering.

WHEREFORE, the Plaintiff, TOMMY JACKSON, prays for judgment against the Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorney's fees and costs.

### COUNT II- EXCESSIVE FORCE

1-18) The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-18 as his respective allegations of paragraphs 1-16 of Count II as though fully set forth herein.

19) At the station the Plaintiff, TOMMY JACKSON, was struck.

20) Said use of force was unprovoked.

21) Said use of force was excessive and unreasonable.

22) As a result of the force used by the Defendants, the Plaintiff TOMMY JACKSON was injured.

23) Some officers stood by and allowed this to occur.

24) Said actions of Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI were intentional, willful and wanton.

25) Said actions of the Defendants, P.O. MACK and P.O. ONTIVEROS, violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

26) As a direct and proximate consequence of said conduct of Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, the Plaintiff, TOMMY

JACKSON, suffered violations of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain and suffering.

WHEREFORE, the Plaintiff, TOMMY JACKSON, prays for judgment against the Defendants, MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorney's fees and costs.

### COUNT III--MALICIOUS PROSECUTION

1-18)   The Plaintiff hereby alleges and incorporates his allegations of paragraphs 1-18 of Count I as his respective allegations of paragraphs 1-18 of Count III as though fully set forth herein.

19)   The Defendants proceeded with the criminal charges against the Plaintiff knowing they were false.

20)   The charges were ultimately resolved in favor of the Plaintiff in October 2007.

21)   As a result of the actions of the Defendants, the Plaintiff suffered monetary loss and expenses, pain, suffering, fear and anxiety.

WHEREFORE, the Plaintiff, TOMMY JACKSON, prays for judgment against the Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorney's fees and costs.

### COUNT IV- INDEMNIFICATION

1-26)   The Plaintiff, TOMMY JACKSON, hereby realleges and incorporates his allegations of paragraphs 1-26 of Count II as his respective allegations of paragraphs 1-26 of Count IV as though fully set forth herein.

27)   Illinois law provides that public entities are directed to pay any tort judgment for

compensatory damages for which employees are liable within the scope of their employment activities.

28) Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiffs any judgment obtained against said Defendants.

### JURY DEMAND

The Plaintiff, TOMMY JACKSON, requests a trial by jury.

Respectfully submitted,

/s/ Ronak Patel
GREGORY E. KULIS AND ASSOCIATES

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830