UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY JACKSON | ) | |
| | ) | Case No. 08 C 556 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Manning |
| P.O. MACK #1980, P.O. ONTIVEROS #10990, | ) | |
| #10990, P.O. DAILEY #10890, P.O. O'TOOLE | ) | Magistrate Judge Nolan |
| #15346, P.O. BONNSTETTER #15963, P.O. | ) | |
| FICO #6284, P.O. NAPOLI #9560, individually, | ) | |
| and the CITY OF CHICAGO, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,
AND JURY DEMAND**

Defendant Officers Antonio Ontiveros, Daniel O'Toole, Frank Mack, Marvin Bonnstetter, Vincent Fico, Michael Napoli and the City of Chicago (referred to herein collectively as "Defendants"), by one of their attorneys, Suyon Reed, Assistant Corporation Counsel for the City of Chicago, submit the following answer to plaintiff's first amended complaint, affirmative defenses, 12(b)(6) defense, and jury demand[1]:

**COUNT I-FALSE ARREST**

1) This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under color of law.

**ANSWER:** Defendants admit that this action is brought pursuant 42 U.S.C §1983 and §1988, and the laws of the State of Illinois. Defendants deny any wrongful conduct complained of

---

[1] Defendants answer for themselves and make no answer for any other named or unnamed defendants.

herein.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

**ANSWER:** Defendants admit the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

3) The Plaintiff, TOMMY JACKSON, at all relevant times was a United States citizen and permanent resident of the State of Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

4) The Defendants, Police Officers MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTE1TER, FICO, and NAPOLI, were at all relevant times duly appointed police officers of the Chicago Police Department and at all relevant times were acting within their scope of employment under color of law.

**ANSWER:** Defendants admit the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

5) The Defendant, CITY OF CHICAGO, is an Illinois municipal corporation that operates the Chicago Police Department and is the employer of Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI.

**ANSWER:** Defendants admit the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

6) On or about November 2, 2006, the Plaintiff was driving in the vicinity of Augusta and Kedvale.

**ANSWER:** Defendants Mack and Ontiveros deny the allegations contained in this paragraph. Based on information and belief, the remaining defendants deny the allegations contained in this paragraph.

7) The Plaintiff was not committing a crime or breaking any laws.

**ANSWER:** Defendants Mack and Ontiveros deny the allegations contained in this paragraph. Based on information and belief, the remaining defendants deny the allegations contained in this paragraph.

8) At least two of the Defendants in an unmarked car stopped the Plaintiff.

**ANSWER:** Defendants Mack and Ontiveros admit that they were driving an unmarked car and that Plaintiff was stopped on foot. Based on information and belief, the remaining defendants were driving an unmarked car and plaintiff was stopped on foot.

9) The Defendants asked if the Plaintiff or his friends had anything illegal on them.

**ANSWER:** Defendants Mack and Ontiveros deny the allegations contained in this paragraph. Based on information and belief, the remaining defendants deny the allegations contained in this paragraph.

10) The Plaintiff had nothing.

**ANSWER:** Defendants Mack and Ontiveros deny the allegations contained in this paragraph. Based on information and belief, the remaining defendants deny the allegations contained in this paragraph.

11) The Defendants then told the Plaintiff they wanted him to get the police two guns or they would put drugs on him.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained on herein.

12) The Plaintiff said he had no guns and couldn't get any.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

13) The Defendants arrested the Plaintiff and charged him with possession.

**ANSWER:** Defendants Mack and Ontiveros admit the allegations contained in this paragraph. Based on information and belief, the remaining defendants admit the allegations contained in this paragraph.

14) The Plaintiff did not commit any crime.

**ANSWER:** Defendants Mack and Ontiveros deny the allegations contained in this paragraph. Based on information and belief, the remaining defendants deny the allegations contained in this paragraph.

15) The Defendants did not have probable cause to stop and search the Plaintiff.

**ANSWER:** Defendants Mack and Ontiveros deny the allegations contained in this paragraph. Based on information and belief, the remaining defendants deny the allegations contained in this paragraph.

16) The Defendants did not have probable cause to arrest the Plaintiff

**ANSWER:** Defendants Mack and Ontiveros deny the allegations contained in this paragraph. Based on information and belief, the remaining defendants deny the allegations contained in this paragraph.

17) The Defendants did not have probable cause to charge the Plaintiff.

**ANSWER:** Defendants Mack and Ontiveros deny the allegations contained in this paragraph. Based on information and belief, the remaining defendants deny the allegations contained in this paragraph.

18) Said action of Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, were intentional, willful, and wanton.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

19) Said actions of the Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE~ BONNSTETTER FICO, and NAPOLI violated the Plaintiffs Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

20) As a direct and proximate consequence of said conduct of Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, the Plaintiff, TOMMY JACKSON, suffered violations of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain and suffering.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT I of plaintiff's amended complaint, award defendants such cost and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT 11- EXCESSIVE FORCE

1-18) The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-18 as his respective allegations of paragraphs 1-16 of Count n (sic) as though fully set forth herein.

**ANSWER:** Defendants hereby restate and incorporate their answers to paragraphs 1-18 of Count I and their respective answers to paragraphs 1-16 as if fully stated herein.

19) At the station the Plaintiff, TOMMY JACKSON, was struck.

**ANSWER:** Defendants deny the plaintiff was struck while in their presence. Otherwise, the defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

5

the allegations contained in this paragraph.

20) Said use of force was unprovoked.

**ANSWER:** Defendants deny the allegations contained in this paragraph occurred in their presence.

21) Said use of force was excessive and unreasonable.

**ANSWER:** Defendants deny the allegations contained in this paragraph occurred in their presence.

22) As a result of the force used by the Defendants, the Plaintiff TOMMY JACKSON was injured.

**ANSWER:** Defendants deny the allegations contained in this paragraph occurred in their presence.

23) Some officers stood by and allowed this to occur.

**ANSWER:** Defendants deny the allegations contained in this paragraph occurred in their presence.

24) Said actions of Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE BONNSTETTER, FICO, and NAPOLI were intentional, willful and wanton.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

25) Said actions of the Defendants, P.O. MACK and P.O. ONTIVEROS, violated the Plaintiffs Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

26) As a direct and proximate consequence of said conduct of Defendants MACK,

ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI, the Plaintiff, TOMMY JACKSON, suffered violations of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain and suffering.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT II of plaintiff's amended complaint, award defendants such cost and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### COUNT III--MALICIOUS PROSECUTION

1-18)   The Plaintiff hereby alleges and incorporates his allegations of paragraphs 1-18 of Count I as his respective allegations of paragraphs 1-18 of Count III as though fully set forth herein.

**ANSWER:** Defendants hereby restate and incorporate their answers to paragraphs 1-18 of Count I and their respective answers to paragraphs 1-18 of Count III as if fully stated herein.

19)   The Defendants proceeded with the criminal charges against the Plaintiff knowing they were false.

**ANSWER:** Defendants deny the charges were false. Defendants deny any wrongful conduct complained of herein.

20)   The charges were ultimately resolved in favor of the Plaintiff in October 2007.

**ANSWER:** Based on information and belief, the Defendants admit that the charges against the plaintiff were nolle pross'd in October 2007. Defendants deny the remaining allegations contained in this paragraph.

21)   As a result of the actions of the Defendants, the Plaintiff suffered monetary loss and expenses, pain, suffering, fear and anxiety.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants

deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT III of plaintiff's amended complaint, award defendants such cost and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### COUNT IV- INDEMNIFICATION

1-26)   The Plaintiff, TOMMY JACKSON, hereby realleges and incorporates his allegations of paragraphs 1-26 of Count II as his respective allegations of paragraphs 1-26 of Count IV as though fully set forth herein.

**ANSWER:**   Defendants hereby restate and incorporate their answers to paragraphs 1-26 of Count II and their respective answers to paragraphs 1-26 of Count IV as if fully stated herein.

27)   Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:**   Defendants admit the allegations contained in this paragraph subject to the Tort Immunity Act.

28)   Defendants MACK, ONTIVEROS, DAILEY, O'TOOLE, BONNSTETTER, FICO, and NAPOLI are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:**   Defendants admit that at all relevant times, they are employees of the Chicago Police Department acting within the scope of their employment. Defendants deny that they committed the misconduct described herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT IV of plaintiff's amended complaint, award defendants such cost and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.　　Defendants are entitled to qualified immunity. Defendants, are government officials who perform discretionary functions. At all times material to the events alleged in plaintiff's first amended complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendants could have believed their actions to be lawful, in light of clearly established law and the information that Defendants possessed.  Defendants, therefore, are entitled to qualified immunity as a matter of law on plaintiff's federal claims.

2.　　Defendants are not liable for any of plaintiff's claims because they cannot be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendants are not liable for any of plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

3.　　"'Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation.'" Payne v. Chuchich, 161 F.3d 1030, 1039 (7th Cir. 1998) (citations omitted).

4.　　To the extent that plaintiff has alleged any state law claims, if Defendants are liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff, which was the proximate cause of these injuries and damages. Any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, must be reduced by application of the principals of

comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

5.  To the extent plaintiff is making claims based on State of Illinois laws, the statute of limitations for state law claims against municipality or its employees is one year. 745 ILCS 10/8-101 (West 2006). All state law claims directed to Defendants that are beyond the one year period should be dismissed as beyond the statute of limitations.

6.  As to all state law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2006).

7.  That any injuries or damages claimed by the Plaintiff against Defendants was caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff.  Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in Plaintiff's First Amended Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2002) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## JURY DEMAND

Defendants Antonio Ontiveros, Daniel O'Toole, Frank Mack, Marvin Bonnstetter, Vincent Fico, Michael Napoli and the City of Chicago, respectfully demand a trial by jury of this cause.

## CONCLUSION

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

Respectfully submitted,

/s/Suyon Reed
SUYON REED
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 06280973