# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 08 C 556 | **DATE** | 7/18/2008 |
| **CASE TITLE** | Tommy Jackson vs. Officer Mack, et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the parties' Agreed Qualified HIPAA and Confidential Matter Protective Order is denied without prejudice to reassertion if and when a party seeks to file confidential matter under seal and to entry of a HIPAA Qualified Protective Order in the form provided for on the Court's judicial home page.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

  The parties seek entry of a protective order. The proposed protective order defines "Confidential Matter" as ""employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action." The proposed protective order also says "Confidential Matter" includes but is not limited to: (I) all personnel files, disciplinary actions, histories, including all Chicago Police Department Employee Complaint Histories, all City of Chicago Police Department Complaint Register files, and all related information, pursuant to the Illinois Personnel Records Review Act, 820 ILCS 40/1 (West 2004) and Section 7 of the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.* (West 2004); (ii) all non-party identifying information contained in City of Chicago Complaint Register Files, including, but not limited to, names, addresses and statements; (iii) all personal and family information of Peace Officers, including residential information; (iv) all personal financial information; and (v) any other categories of documents or information as specifically determined by this Court for "good cause" shown. The agreed protective order goes on to state in paragraph C(1) that the parties will not use or disclose protected health information and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding. Finally, paragraph C(13) provides that no protected health information or Confidential Matter is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained from the Court.

  Parties to a lawsuit may agree amongst themselves that information they exchange during discovery will be kept confidential before it is filed with the court. See Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 545 (7th Cir. 2002) (stating "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record"); In re Bridgestone/Firestone, Inc. v.

## STATEMENT

Bridgestone/Firestone Inc., et. al., 198 F.R.D. 654, 657 (S.D. Ind. 2001) (noting "[a]ccess to discovery materials when those materials have been presented to the court is one issue and quite another issue when the parties are exchanging the materials amongst themselves."). The Seventh Circuit has recognized that "[a]bsent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." Jepson, Inc. v. Makita Electric Works, Limited, 30 F.3d 854, 858 (7th Cir. 1994). "In other words, if they do not see fit to disseminate discovery information, the parties need not do so." In re Bridgestone/Firestone, Inc., 198 F.R.D. at 657.

Here, the parties have agreed that certain discovery material will only be used for purposes of prosecuting and defending this action. With the exception of Plaintiff's HIPAA protected health information, a confidentiality agreement amongst the parties regarding the categories of information they seek to protect from disclosure to persons not involved in the litigation will address the parties' confidentiality concerns at this stage of the proceedings and there is no need for court approval or intervention regarding such an agreement. See Frupac Intern. Corp. v. M/V "CHUCABUCO", 1994 WL 269271 (E.D. Pa. June 15, 1994). With respect to filing discovery material under seal, the Court will make a good cause determination for filing under seal if and when a party seeks to file Confidential Matter under seal. Counsel shall consult this Court's judicial home page (http://www.ilnd.uscourts.gov/JUDGE/NOLAN/nrnpage.htm) for specific information concerning the procedures for seeking approval to file material under seal. Regarding Plaintiff's protected health information, the Court is willing to sign a Qualified Protective Order in the form provided for on the Court's home page.